UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NEWPORT BUILDERS, INC., a Nevada Corporation,<br><br>                Plaintiff,<br>   v.<br>NORTH BAY CONSTRUCTION, INC., a California corporation,<br><br>                Defendant.<br>_____/ | No. C 09-0184 SBA (MEJ)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. #79)** |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Attorney's Fees. (Dkt. #79.) Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the February 25, 2010 hearing. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court **ORDERS** as follows.

## II. BACKGROUND

All relevant facts are taken from the July 14, 2009 *Order Denying Defendant's Motion to Strike Plaintiff's First Amended Complaint*, issued by the Honorable Saundra Brown Armstrong, the presiding judge in this matter. (Dkt. #71.) Newport Builders, Inc. ("Plaintiff") is the general partner of Newport Builders LP, a limited partnership; North Bay Construction, Inc. ("Defendant") was previously a limited partner with an equity stake in Newport Builders LP. *Id.* at 2:16-19. A lawsuit was filed in Superior Court for the County of Sonoma against Newport Builders LP for dissolution of partnership of Fountainview Investors, in which Newport Builders LP was the general partner. (Order 2:13-15, 2:23-3:1, Dkt. #71; Lenzi Decl. ¶ 4, Dkt. #43.) Several cross-complaints were filed

against Defendant in the state court action, but it was eventually dismissed from each cross-complaint. *Id.* at 3:3-12. Though no longer a party, Defendant became involved in settlement negotiations between the remaining parties, namely Plaintiff and other parties against whom cross-complaints had been filed. *Id.* at 3:14-15. Defendant offered to sell its interest in Newport Builders LP to both of the remaining parties, unbeknownst to them, and planned to make the deal with whichever party acted first. *Id.* at 3:15-19. When Plaintiff learned that Defendant entered into the deal with the other party, it filed this lawsuit. *Id.* at 3:23-24. Plaintiff's complaint alleges six state law causes of action: (1) breach of partnership agreement; (2) breach of the covenant of good faith and fair dealing; (3) breach of oral contract; (4) intentional interference with prospective economic advantage; (5) dissociation of limited partnership; and (6) dissolution and winding up of limited partnership. (Pl's First Amended Complaint ("FAC"), Dkt. #5.) In response, Defendant filed an anti-SLAPP motion to strike under California Code of Civil Procedure section 425,16.[1] (Def.'s

---

[1] California Code of Civil Procedure section 425.16 provides a procedure for a court "to dismiss at an early stage non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." *Sipple v. Foundation for Nat'l Progress*, 71 Cal. App. 4th 226, 235 (1999). This type of nonmeritorious litigation is referred to under the acronym "SLAPP," or Strategic Lawsuit Against Public Participation. *Id.* The archetypal SLAPP complaint is a "generally meritless suit[ ] brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Wilcox v. Sup. Ct.*, 27 Cal. App. 4th 809, 816 (1994). "California enacted section 425.16 to provide a procedural remedy to resolve such a suit expeditiously." *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1414 (2001) (internal quotation marks and citation omitted).

When a plaintiff brings a SLAPP complaint, the defendant may move to strike the complaint under section 425.16. "Analysis of an anti-SLAPP motion to strike involves a two-step process." *Kearney v. Foley & Lardner LLP*, 566 F.3d 826, 836 (9th Cir. 2009). First, the defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech. *Braun v. Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1042-43 (1997). Second, "[i]f the court determines that the defendant has met this burden, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the merits." *Kearney*, 566 F.3d at 836-837; *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 474 (2000). If the plaintiff is unable to provide the factual and legal support for the challenged cause of action, the complaint should be stricken. Code Civ. P § 425.16(b); *Dowling*, 85 Cal. App. 4th at 1417. In reviewing a motion under section 425.16, "the trial court is required to consider the pleadings and the supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996).

2

Mot., Dkt. #31; Order 3:27-4:4, Dkt. #71.)  In its motion, Defendant argued that the conduct at issue is based on communication of a settlement offer, which Defendant contended constitutes "protected activity" for which it cannot be held liable.  (Def.'s Mot. 1:10-13, Dkt. #32.)

On July 14, 2009, Judge Armstrong denied Defendant's special motion to strike.  (Dkt. #71.)  Judge Armstrong held that the record before her demonstrated that Defendant's communications constituted a proposed business deal, rather than an offer to settle its own claims.  (Order 7:5-6, Dkt. #71.)  Judge Armstrong further held that Defendant's offer was made while the parties to the underlying lawsuit were in settlement discussions to resolve their own dispute, and this did "not cloak Defendant's communications under the auspices of protected activity." *Id.* at 7:8.  Judge Armstrong found that any connection between Defendant and the parties to the settlement negotiations "was, at best, tangential to the litigation, and otherwise too attenuated to establish that Defendant was engaged in protected activity." *Id.* at 7:8-11.

On October 14, 2009, Plaintiff filed a motion seeking an award of attorney's fees pursuant to California Code of Civil Procedure section 425.16(c), based on Judge Armstrong's denial of Defendant's motion to strike.  (Dkt. #79.)  Defendant filed its Opposition on January 7, 2010, (Dkt. #98), and Plaintiff filed its Reply on January 14, 2010.  (Dkt. #101.)

## III. DISCUSSION

In its motion, Plaintiff argues that it is entitled to attorney's fees pursuant to section 425.16(c) because of Defendant's "lack of any relevant authority that would bring its actions under the umbrella of constitutionally protected activity." (Pl's Mot. 5:4-5, Dkt. #79.)  Plaintiff further contends that Defendant failed to provide sufficient relevant evidence to support its special motion to strike, and that Defendant offered no plausible factual basis to support its motion (Pl's Mot. 5:19-22, 8:18-19, Dkt. #79).  Defendant responds that it properly filed its motion because it reasonably believed that the anti-SLAPP legislation would shield its involvement in the settlement discussions.  (Def.'s Mot. 3:5-6, Dkt. #98.)  Additionally, Defendant argues that its motion was proper because it had a substantial interest in the outcome of the dispute and was drawn into the settlement discussions by the parties to the underlying lawsuit.  *Id.* at 4:10-15.

3

**A.     Legal Standard**

California Code of Civil Procedure section 425.16(c) provides that where "the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to section 128.5." California Code of Civil Procedure section 128.5(a) requires an award of fees incurred "as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." Frivolous is defined as "totally and completely without merit or for the sole purpose of harassing an opposing party." Cal. Civ. Proc. Code § 128.5(b). An action is frivolous when "any reasonable attorney would agree such motion is totally devoid of merit." *American Dental Ass'n v. Khorrami*, 2004 WL 3486524, at *4 (C.D. Cal., August 16, 2004) (citing *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004)). "Under section 128.5, the moving party must establish two elements: (1) the action or tactic is objectively frivolous, and (2) the action was brought for an improper purpose, i.e., subjective bad faith." *Id.* at 3. The court in *American Dental Association* noted the following guidelines for applying the two-part test laid out by section 128.5: "(a) an action that is simply without merit is not by itself sufficient to incur sanctions; (b) an action involving issues that are arguably correct, but extremely unlikely to prevail should not incur sanctions; and (c) sanctions should be used sparingly in the clearest of cases to deter the most egregious conduct." *Id.* (citing *In re Marriage of Flaherty*, 31 Cal.3d 637, 650-51 (1982).

**B.     Application to the Case at Bar**

1.     <u>Whether Defendant's Motion Was Objectively Frivolous</u>

Plaintiff argues that it is entitled to an award of attorney's fees "[g]iven the complete lack of any legal authority to support the motion, and the complete lack of any factual basis to satisfy the first prong of the anti-SLAPP analysis[.]" (Pl's Mot. 8:24-9:1, Dkt. #79.) Plaintiff argues that it is entitled to attorney's fees because Judge Armstrong found that Defendant failed to meet the prima facie burden of proof required to show that the conduct giving rise to Plaintiff's complaint arose from protected activity. *Id.* at 4:13-16. Plaintiff further argues that Defendant's failure to discuss how its conduct was protected activity shows that Defendant's motion was frivolous, arguing that no

4

1 reasonable attorney would conclude that Defendant's arguments had merit, *id.* at 5:13-18, and
2 because "the vast majority of [Defendant's] motion had nothing at all to do with establishing that
3 [Defendant's] conduct was constitutionally protected." *Id.* at 5:20-22. Additionally, Plaintiff argues
4 that because the motion focused on false and irrelevant arguments, Defendant's motion was brought
5 for an improper purpose, to harass Plaintiff. *Id.* at 9:3-5, 9:15-16.

6 In response, Defendant argues that its counsel "reasonably interpreted the law and believed
7 fully in its application to the facts of this case[.]" (Def.'s Opp'n 2:5-9, Dkt. #98.) Defendant further
8 argues that it reasonably believed that the anti-SLAPP legislation would shield its involvement in
9 the settlement discussions. *Id.* at 3:5-6. Defendant argues that it was drawn into continued
10 settlement discussions at the insistence of the parties, that it had a substantial interest in the outcome
11 of the dispute in that it was the only limited partner in Newport Builders LP with a guaranteed
12 priority distribution, and that its desire that the dispute be resolved was not independent of the
13 parties' desire for resolution. (Def.'s Mot. 4:10-15, Dkt. #98.)

14 In its motion to strike, Defendant likened its "significant participation" in the settlement
15 discussions to that of one of the defendants in *GeneThera v. Troy & Gould Prof. Corp.*, 171 Cal.
16 App. 4th 901 (2009). (Def.'s Mot. to Strike 9:15-18, Dkt. #32.) In *GeneThera*, the California Court
17 of Appeal granted the defendant's motion to strike, holding that an attorney's communication of a
18 settlement offer on behalf of his client constituted protected activity under the anti-SLAPP statute.
19 *GeneThera*, 171 Cal. App. 4th at 908. In its motion to strike, Defendant argued that Plaintiff's
20 complaint was identical to the plaintiff's complaint in *GeneThera*, and the only difference in facts is
21 that the participant in settlement discussions there was a non-party attorney, while here, the
22 participant was a former party and limited partnership member with a material interest in the
23 outcome of the settlement discussions. (Def.'s Mot. to Strike 10:15-17, Dkt. #32.) In her July 14
24 order, Judge Armstrong held that Defendant's involvement in the settlement discussions "was, at
25 best, tangential to the litigation, and otherwise too attenuated to establish that Defendant was
26 engaged in protected activity." (Order 7:7-11, Dkt. #71.) Judge Armstrong noted that the protected
27 activity in *GeneThera* was the attorney's act of communicating a settlement offer on behalf of its
28

5

1  client, and that no such communication occurred in this case. *Id.* at 6:25-27.  She found that
2  Defendant was not acting as legal counsel and was not communicating a settlement offer on
3  anyone's behalf, and that Defendant had no claims of its own to settle as it had previously been
4  dismissed from the underlying case. *Id.* at 6:27- 7:1-2.  Judge Armstrong held that Defendant's
5  voluntary involvement in the settlement discussions was not, by definition, protected activity. *Id.* at
6  7:2-4.  However, Judge Armstrong did not find that Defendant's motion to strike was totally and
7  completely without merit; she merely found that Defendant's reliance on *GeneThera* was misplaced.
8  (Order 6:25, Dkt. #71.)

In the case at bar, it cannot be said that Defendant's arguments were so frivolous that "any reasonable attorney would agree such motion is totally devoid of merit." *American Dental Ass'n*, 2004 WL 3486524, at *4.  Defendant's argument attempts to place its activity under the holding of another case, and may be a stretch, but it arguably has merit.  Further, Plaintiff has not shown that Defendant's motion was brought for the sole purpose of harassing Plaintiff.  Thus, the Court finds that Defendant's motion was not objectively frivolous, and that sanctions are not merited, as "sanctions should be used sparingly in the clearest of cases to deter the most egregious conduct." *Id.*

### 2. Whether Defendant's Motion Was Filed in Bad Faith

Even if the Court were to find that Defendant's motion was objectively frivolous, it does not rise to the level of subjective bad faith.  Plaintiff argues that the Court should infer bad faith because Defendant "failed altogether to make a plausible factual argument that its conduct was protected activity," and thus frivolously filed its motion.  (Pl's Mot. 12:10-15, Dkt. #79.)  However, as discussed above, the Court finds that Defendant's motion was not objectively frivolous.  Further, because Defendant's attempted analogy to *GeneThera* had some merit, it cannot be said that Defendant acted in bad faith or that its actions were "for the sole purpose of harassing an opposing party." Cal. Civ. Proc. Code § 128.5.  Accordingly, the Court **DENIES** Plaintiff's motion for attorney's fees under 425.16(c).

### 3. Plaintiff's Rule 11 Argument

In the alternative, Plaintiff seeks sanctions under Federal Rule of Civil Procedure ("Rule")

6

11, arguing that "at least ninety percent of [Defendant's] motion to dismiss and supporting 'evidence' was devoted to irrelevant arguments." (Pl.'s Mot. 9:21-24, Dkt. #79.) However, a motion for sanctions under Rule 11 "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). As Plaintiff seeks sanctions under Rule 11 as part of its motion under section 425.16, its request is not properly before this Court.

## IV. CONCLUSION

Based on the foregoing, the Court hereby DENIES Plaintiff's Motion for Attorney's Fees under 425.16(c).

**IT IS SO ORDERED.**

Dated: February 23, 2010          _____

Maria-Elena James
Chief United States Magistrate Judge