UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NEWPORT BUILDERS, INC., a Nevada corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>NORTH BAY CONSTRUCTION, INC., a California corporation,<br><br>           Defendant. | Case No:  C 09-0184 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ORDER ALLOWING THE FILING OF: AMENDED ANSWER AND COUNTERCLAIM**<br><br>[Docket 93] |

The instant diversity jurisdiction action arises from a business dispute between former partners, Plaintiff, Newport Builders, Inc. (Plaintiff), and Defendant, North Bay Construction, Inc. (Defendant or North Bay).  See 28 U.S.C. § 1332.  The parties are presently before the Court on Defendant's Motion for Order Allowing the Filing of:  Amended Answer and Counterclaim.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.     BACKGROUND**

This case arises from an *excessively overlitigated* dispute concerning the construction of an 800-acre residential development known as "Fountainview," located in Santa Rosa, California.  The development was owned by an investment partnership known as Fountainview No. 3 Investors (Fountainview Investors).  Fountainview Investors was organized as a limited partnership, with Newport Builders LP as its general partner.  Newport Builders LP is a limited partnership in which Plaintiff is the general partner and Defendant is the limited partner.

On January 14, 2009, Plaintiff filed the instant action against North Bay, and subsequently filed a First Amended Complaint on February 9, 2009, and a Second Amended Complaint (SAC) on September 29, 2009. The SAC alleges six state law causes of action for: (1) Breach of Partnership Agreement; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Breach of Oral Contract; (4) Intentional Interference with Prospective Economic Advantage; (5) Breach of Fiduciary Duty; (6) Disassociation of North Bay from Newport Builders LP; and (6) Dissolution and Winding Up of Newport Builders LP. (Docket 76.) On October 9, 2009, Defendant filed its Answer and Counterclaim in response to the SAC. (Docket 77.) The Counterclaim named Plaintiff and Gene Lenzi (Lenzi), who allegedly is in control of Plaintiff, as counter-defendants.

On April 9, 2009, shortly after commencing this action, Plaintiff filed a separate state court action against Defendant alleging the same claims at issue in this case. See Newport Builders, Inc. v. North Bay Constr. Inc., San Francisco County Super. Ct., Case No. CGC 09-487006; Senneff Decl. Ex. B. Defendant sought an extension of time to respond to the new complaint. Plaintiff refused to stipulate to an extension, and sought the entry of default against Defendant. Senneff Decl. ¶ 4. The state court denied the request for default, and granted Defendant an extension of time to file its responsive pleading. In the meantime, because of purported difficulties in serving Lenzi with the Counterclaim in the federal action, Defendant opted to dismiss its Counterclaim without prejudice, and instead, reassert those claims in the state court action. Senneff Decl. ¶ 4. Defendant filed a notice of voluntary dismissal of its Counterclaim on November 5, 2009. (Docket 89.)

Shortly after Defendant dismissed its federal Counterclaim, Plaintiff dismissed all of its claims against Defendant in the state court action. As a result, Defendant requested that Plaintiff stipulate to allow Defendant to reassert its previously dismissed Counterclaim (only as to Plaintiff) in this action. Senneff Decl. Ex. F. Plaintiff expressed no concern regarding the proposed amendment to the Answer, but apparently took exception to the Counterclaim. Id. ¶ 4. Unable to resolve the dispute, Defendant now moves the Court for leave to file an amended Answer and Counterclaim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); Moss v. United States Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). Rule 15 "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

The party opposing leave to amend carries the burden of showing why leave should not be granted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). In assessing whether to grant leave to amend, the Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Exp., 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Of these factors, prejudice to the opposing party is the most important. Eminence Capital, 316 F.3d at 1051. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

An analogous standard applies to motions to add a counterclaim. Rule 13(f) states that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed.R.Civ.P 13(f). The same factors that are used to assess the propriety of granting leave to amend a pleading also apply to amendments to pleadings that assert counterclaims. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Hip Hop Beverage Corp. v. Ric Representacoes Importacao E Comercio, Ltd., 220 F.R.D. 614, 620 (C.D. Cal. 2003) ("courts presented with motions for leave to amend a pleading to add an omitted counterclaim generally adhere[ ] to the liberal amendment policy of Rule 15 in deciding whether to grant the requested leave.") (internal quotation marks omitted)).

## III. DISCUSSION

### A. AMENDMENT OF ANSWER

Defendant seeks to amend its Answer to include a request in its prayer for relief for dissolution of the limited partnership or an accounting. Plaintiff has expressed no opposition to this proposed amendment. Given the extreme liberality of Rule 15, coupled with Plaintiff's lack of opposition, the Court grants Defendant leave to amend to file an amended Answer.

### B. PROPOSED COUNTERCLAIM

Defendant's proposed Counterclaim alleges two causes of action against Defendant for: (1) Dissolution of Newport Builders LP and (2) Accounting. Defendant alleges that under the terms of the Newport Builders LP Partnership Agreement, Newport Builders LP should already have wound up its business and dissolved, and that its assets should have been distributed to Defendant, among others. The Counterclaim further alleges that Plaintiff, as general partner of Newport Builders LP, is depleting the partnership's assets by pursuing unnecessary and duplicative litigation in state and federal courts. Id. Defendant seeks the dissolution of Newport Builders LP as well as an accounting to determine what assets have been expended and what assets remain.

Without citation to any *relevant* authority, Plaintiff characterizes Defendant's Counterclaim as a claim for "waste" of partnership assets, and argues that such a claim is not ripe until the pending state and federal court litigation is concluded. Pl.'s Opp'n at 6-10. This contention lacks merit. Defendant merely seeks a "decree of dissolution" of the partnership and an accounting to ascertain the partnership's assets. Senneff Decl. Ex. A ¶¶ 7, 10. Thus, to the extent the partnership is dissolved, its assets will be liquidated and distributed in accordance with each partner's share, as determined by an accounting. See Hooper v. Barranti, 81 Cal.App.2d 570, 578-79 (1947).[1] Notably, Plaintiff cites no authority to support its contention that these equitable claims are dependent on the resolution of pending litigation. Nor has Plaintiff articulated any particular prejudice in allowing the proposed Counterclaim.

---

[1] Whether Defendant is entitled to any *additional* relief is not before the Court and is not addressed in this Order.

Plaintiff also argues that Defendant has not shown the requisite "inadvertence, oversight or excusable neglect" under Rule 13(f) to permit the proposed Counterclaim. Defs.' Opp'n at 12-14. Specifically, Plaintiff contends that Defendant has failed to provide any explanation for dismissing its Counterclaim in November 2009, and that its decision to do so was purely "tactical." Id. at 13. The Court disagrees. Defendant previously dismissed its Counterclaim in order to pursue its claims in the state court action. It was only because of Plaintiff's decision to dismiss all of its claims against Defendant in the state court case that Defendant moved to reassert its previously dismissed Counterclaim in this Court. The Court is thus satisfied that Defendant has made a sufficient showing of excusable neglect to permit the filing of its Counterclaim.

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Order Allowing the Filing of: Amended Answer and Counterclaim (Docket 93) is GRANTED. Defendant shall file its Amended Answer and Counterclaim within five days of the date this Order is filed.

IT IS SO ORDERED.

Dated: February 24, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge